The Honorable Thomas M. Carpenter City Attorney Office of the City Attorney
500 W. Markham, Suite 310 Little Rock, Arkansas 72201
Dear Mr. Carpenter:
You have requested an Attorney General opinion concerning the release of certain employee-related records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 through-110 (Repl. 2002 and Supp. 2009). You have submitted your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which establishes an optional procedure under which the custodian, requester, or subject of personnel or evaluation records may seek an opinion from the Attorney General on whether the custodian's determination regarding the release of such records is consistent with the FOIA.
You state that the custodian of City of Little Rock payroll and salary records has received a FOIA request for a list of City employees along with their individual salaries. You further report:
 I have determined that documents containing salary information of City employees constitute personnel records under the FOIA, but that disclosure would not constitute a clearly unwarranted invasion of personal privacy under Ark. Code Ann. § 25-19-105(b)(12) (West Supp. 2009). I have also concluded that although these are personnel records, the issue of disclosure is so clear that I am not required to go through the process of notifying each and every employee of my decision before releasing the records pursuant to Ark. Code Ann. § 25-19-105(c). *Page 2 
You have requested my opinion as to whether your determination is consistent with the FOIA.
RESPONSE
As you note in your request for my opinion, numerous Attorney General opinions have analyzed requests for salary information using the FOIA's standard for disclosure of personnel records, A.C.A. § 25-19-105(b)(12), [1] and have concluded that records containing such information generally are subject to disclosure under that standard. E.g., Op. Att'y Gen. 2002-159 (and opinions cited therein). This conclusion has been based upon the fact that the courts have found little privacy interest in such information, or have found a countervailing public interest therein. Op. Att'y Gen. 96-142. As explained by one of my predecessors:
 A request for salary information normally would entail the disclosure of "personnel records." See, e.g., Ops. Att'y Gen. Nos. 2001-101; 98-126; 95-070; 94-198. "Personnel records" are disclosable except to the extent that their disclosure would constitute a clearly unwarranted invasion of the personal privacy of the subject of the records. A.C.A. § 25-19-105(b). This office has consistently opined (in opinions too numerous to cite) that the disclosure of salary information does not constitute a clearly unwarranted invasion of the employee's personal privacy. Therefore, records reflecting salary information must be provided in response to a proper request under the FOIA, but the FOIA's notification procedure must be followed.
Op. Att'y Gen. 2001-223. See also John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 180, 188 (4th ed., m m Press 2004). *Page 3 
Accordingly, in my opinion, you have correctly determined that the requested documents containing salary information constitute personnel records that are subject to disclosure under subsection 25-19-105(b)(12).
As for the matter of notice, you appear to recognize the FOIA's general notice requirement respecting personnel records,see Op. 2001-223, supra, [2] but you nevertheless express the view that the requirement does not apply if the personnel records clearly must be disclosed. In this regard, I must first mention that my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) arises after the personnel or evaluation records have been located and is limited to reviewing the custodian's decision as to "whether the records are exempt from disclosure." Id. Accord Op. Att'y Gen. 2006-158. The latter opinion describes the respective roles of custodians and this office in relevant part as follows:
 In the event the requester seeks access to "personnel or evaluation records," you [the custodian] must "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." [A.C.A. § 25-19-105](c)(3)(A). Your decision regarding any exemption in connection with such personnel or evaluation records may then be subjected to my review in accordance with A.C.A. § 25-19-105(c)(3)(B)(i), which states that "[e]ither the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter."
Id. *Page 4 
While the scope of an opinion request under subsection 25-19-105(c)(3)(B) thus does not extend beyond the issue of the records' possible exemption from disclosure, I note that two leading commentators on the FOIA have observed that "[n]otice must be attempted regardless of whether the records are disclosable." Watkins Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, supra at 271, n. 742 (citing Op. Att'y Gen. 96-142).[3]
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 25-19-105(b)(12) states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[2] Subsection 25-19-105(c) sets forth the notice requirement as follows:
 Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision.
A.C.A. § 25-19-105(c)(3)(A) (Supp. 2009).
[3] The 1996 opinion was issued to a state official on several FOIA-related questions, including the question of whether there is still an obligation to notify the employee before releasing the material "if the Attorney General has stated that something is disclosable or not an ?invasion of privacy.'" My predecessor replied:
 Yes. The obligation to notify the employee is not related to or impacted by any determination as to whether or not the records in question are disclosable.
 The scenario that you describe appears to envision notification to the employee after the Attorney General's determination as to disclosability has been made. Please note that under the provisions of A.C.A. § 25-19-105(c)(3), the employee must be notified of the request for the records before the Attorney General is ever presented with a request for an opinion regarding the disclosability of such records. The purpose of this requirement clearly is to allow any interested party — the custodian, the requester, or the subject of the records (the employee) — an opportunity to request an opinion regarding disclosability.
Op. Att'y Gen. 96-142.